Cuturu Gold Dredging Co. v. Commissioner.
Cuturu Gold Dredging Co. v. Commissioner
Docket No. 108934.
United States Tax Court
1943 Tax Ct. Memo LEXIS 446; 1 T.C.M. (CCH) 594; T.C.M. (RIA) 43080; February 13, 1943
*446 E. G. Kleid, Esq., for the petitioner. Ellyne E. Strickland, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, Judge: Respondent determined deficiencies in petitioner's income tax liability for the years 1938 and 1939 in the respective amounts of $9,159.87 and $1,182.73, and a deficiency in petitioner's excess-profits tax liability for the year 1938 in the sum of $3,611.65. These deficiencies result from respondent's disallowance of deductions for percentage depletion for the taxable years on the ground that under section 114(b)(4) of the Revenue Acts of 1936 and 1938 "petitioner's failure to make an affirmative election in its 1937 return constituted election to compute depletion thereunder without reference to percentage depletion." Petitioner's position is that although it had gross income in the year 1937, it had no net income, and therefore, its "first return" within the meaning of the section of the Revenue Acts above referred to, was its return for the year 1938 when, for the first time, it reported net income. There is no dispute as to the facts and we find them to be as follows: [The Facts] The petitioner was organized under the laws of *447 the State of Delaware in June, 1936. Its returns for the taxable years were filed with the collector for the second district of New York. On July 7, 1936, the petitioner leased four mines located in the Republic of Colombia, without any cost to it, from Nichi Valley Gold Mining Co. The income tax return of the petitioner for the year 1936 shows no item of income and deductions and the following statement was made therein: No income because the corporation is in the process of organization. The petitioner started operation of the mines on September 15, 1937. Petitioner filed an income tax return for 1937 in which no statement was made with respect to the basis for computing depletion. It did report gross receipts of $52,942.90, less cost of operations in the sum of $32,850.89, or a gross operating profit of $20,092.01. It also reported total deductions of $28,434.08, so that the 1937 return showed a net loss, and petitioner did not claim any deduction for depletion. Under the heading of "deductions", in the total amount of $28,434.08, the following items are shown on the return: Interest
$5,970.92
Federal capital stock
taxes
105.84
Depreciation
7,774.89
(See Schedule K)
Other deductions au-
thorized by law
14,582.43
(See Schedule A,
Item 26)
Total
$28,434.08
*448 According to its tax return for the calendar year 1938 the petitioner had a income of $145,887.46 and for the first time elected depletion allowance on a percentage basis. According to its tax return for the calendar year 1939 the petitioner had a net income fee that year in the sum of $43,434.80, and in that year continued to take a depletion allowance on a percentage basis. [Opinion] Since this case was submitted the Supreme Court has answered the question which it presents in the case of . On the authority of that case we decide in favor of respondent. Decision will be entered for respondent.